UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FLETCH'S SANDBLASTING AND PAINTING, INC.<br>     Plaintiff<br><br>v.<br><br>COLONY INSURANCE COMPANY<br>     Defendant and<br>     Third-Party Plaintiff<br><br>v.<br><br>THICK TECH SYSTEMS, INC.<br>     Third-Party Defendant | Case No. 1:15-cv-00490-PB |

## THIRD-PARTY COMPLAINT FOR DECLARATORY JUDGMENT

The defendant, Colony Insurance Company, asserts the following Third-Party Complaint for Declaratory Judgment against Thick Tech Systems, Inc.

### Parties

1. The third-party plaintiff is the defendant, Colony Insurance Company ("Colony"), a Virginia corporation with a principal place of business in Richmond, Virginia.

2. The third-party defendant is Thick Tech Systems, Inc. ("Thick Tech"). Upon information and belief, Thick Tech is a Massachusetts corporation with a principal place of business in Massachusetts.

### Jurisdiction and Venue

3. This Court has diversity subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the matter in controversy exceeds the sum or value of $75,000, and

the action is between citizens of different states. The Court also has supplemental subject-matter jurisdiction over the third-party action, pursuant to 28 U.S.C. § 1367. For reasons set forth in more detail below, the Court should exercise its discretion to grant declaratory relief pursuant to 28 U.S.C. § 2201 because there is an actual controversy between the parties.

4. This Court has personal jurisdiction over Thick Tech in this matter because (a) the plaintiff, Fletch's Sandblasting and Painting, Inc. ("Fletch's"), is a citizen of New Hampshire, (b) the action arises out of a contract that Thick Tech made with Fletch's, thereby purposefully availing itself of the privilege of doing business in New Hampshire; (c) upon information and belief, Thick Tech agreed in its contract to be subject to personal jurisdiction in New Hampshire; and (d) the action involves Thick Tech's potential interest in a policy of Commercial General Liability (CGL) insurance issued by Colony to Fletch's in New Hampshire.

5. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the matter occurred here.

## Claim for Declaratory Relief

6. Colony and Fletch's entered into a contract of Commercial General Liability (CGL) insurance, Policy No. GL800306, effective from July 6, 2013 to July 6, 2014 ("the Policy").

7. A dispute arose between Thick Tech and Fletch's concerning a contract between them, and Thick Tech filed an action against Fletch's in the United States District Court for the District of Maine, Case No. 2:15-cv-00076-DBH ("the USDC Maine Action").

8. Fletch's sought coverage under the Policy for Thick Tech's claims. Colony carefully reviewed Fletch's request for coverage, and determined that Thick Tech's claims were clearly outside the scope of the Policy's coverage. Colony issued two detailed letters to Fletch's

*Fletch's Sandblasting & Painting/Colony Insurance*
Third-Party Complaint
Page 3 of 4

explaining the reasons for Colony's denial of coverage. To date, Fletch's has offered no substantive response.

    9.    As Colony concluded, the Policy provides no coverage for the dispute between Thick Tech and Fletch's for reasons including, without limitation:

    a. The dispute does not involve "property damage" within the meaning of the Policy;

    b. The dispute does not involve an "occurrence"—that is, an "accident"—within the meaning of the Policy;

    c. The dispute arises out of the "spraying of paint, foam or other material," and is therefore specifically excluded from coverage;

    d. The dispute involves alleged damage to Fletch's "product" and/or its "work," for which no coverage is available;

    e. The dispute arises out of the performance of "operations" on a particular jobsite by Fletch's and/or Thick Tech, and out of the alleged incorrect performance of work by one or both of them, and no coverage is available for such disputes.

    10.    There is an actual controversy between the parties as to the matter of coverage, and the matter is ripe for resolution.

*Fletch's Sandblasting & Painting/Colony Insurance*
Third-Party Complaint
Page 4 of 4

WHEREFORE, Colony asks that the Court issue a judgment:

A.  Declaring that the Policy does not provide coverage for the dispute between Thick Tech and Fletch's;

B.  Declaring that Colony therefore has no obligation to provide a defense to Fletch's in connection with the dispute; and

C.  Declaring that Colony has no obligation to provide indemnity to Fletch's in the event of any judgment in or settlement of the dispute.

December 16, 2015

        COLONY INSURANCE COMPANY
        By Its Attorneys
        SUGARMAN ROGERS BARSHAK & COHEN, P.C.


        */s/ William L. Boesch*
        William L. Boesch
        101 Merrimac Street
        Boston, MA 02114
        617-227-3030
        boesch@srbc.com


## Certificate of Service

I hereby certify that I am filing this document via the Court's ECF system, and am relying on the system to make service on counsel below, who is a registered participant.

Philip Pettis, Esq.
Counsel for Fletch's Sandblasting
Boynton, Waldron, Doleac, Woodman and Scott, P.A.
82 Court Street
Portsmouth, NH  03801
ppettis@nhlawfirm.com

        */s/ William L. Boesch*

4838-7686-9676, v. 1