```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Fletch's Sandblasting and Painting, Inc.**

    v.                                                       Case No. 15-cv-490-PB
                                                                              Opinion No. 2017 DNH 097

**Colony Insurance Company**


**MEMORANDUM AND ORDER**


Fletch's Sandblasting and Painting, Inc., seeks a determination in this declaratory judgment action that it is entitled to coverage under a commercial general liability insurance policy issued by Colony Insurance Company. Colony has filed a motion for summary judgment arguing that Fletch's cannot claim coverage for what amounts to a claim of defective workmanship.


                                          **I. BACKGROUND**

**A. The Insurance Policy**

Colony sold Fletch's a standard-form commercial general liability ("CGL") insurance policy. See Doc. No. 16-3 [hereinafter "Ex. B"]. The policy provides in pertinent part that Colony "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Ex. B at 16, § I(1)(a). Coverage is available under the policy, however,

only if the "bodily injury" or "property damage" is caused by an "occurrence." See Ex. B at 16, § I(1)(b)(1). An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. B at 29, § V(13). The policy also contains an exclusion for "property damage" to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it." Ex. B at 17, 19-20, § I(2)(j)(6). "Your work" includes "[w]ork or operations performed by you or on your behalf." Ex. B. at 31, § V(22)(a)(1).

B.  **The Underlying Action**[1]

Fletch's seeks a defense and indemnification with respect to a complaint filed against it by Thick Tech Systems, Inc., in the United States District Court for the District of Maine. See Amended Complaint, Thick Tech Systems, Inc. v. Methuen Construction Co., No. 2:15-cv-00076-DBH (D. Me. June 3, 2015); see also Doc. No. 16-2 [hereinafter "Ex. A"] (copy of Maine complaint). The complaint alleges that the United States Navy hired Methuen Construction Company as a general contractor to make repairs at the Portsmouth Naval Shipyard. Ex. A at 2-3.

---

[1] I describe the facts as alleged in the underlying action without assessing their veracity. Cf. Broom v. Cont'l Cas. Co., 152 N.H. 749, 753 (2005).

Methuen subcontracted with Fletch's to "strip, repair, prime and finish [certain structures] with an intumescent fireproofing product known as Albi Clad 800." Ex. A at 3. Fletch's, in turn, subcontracted with Thick Tech to apply the fireproofing material, while Fletch's remained responsible for preparing (e.g., repairing and priming) the structures' surfaces beforehand. Ex. A at 3.

Fletch's allegedly performed the surface preparation work "negligent[ly]," "in an unworkmanlike manner," and "[not] in accordance with the job specifications." Ex. A at 4. As a result, when Thick Tech later applied the fireproofing material, it failed to adhere. Ex. A at 4. "Fletch's [then] induced [Thick Tech] to expend and commit further time and resources needed to correct defects caused by [Fletch's] poor workmanship by promising [Thick Tech] that it would be paid for the additional work and supplies furnished . . . ." Ex. A at 4. But "Fletch's had no intention of paying," and after Thick Tech "devote[d] significant additional time and resources [to] performing corrective work made necessary due to Fletch's failure of performance," Fletch's failed to pay Thick Tech in full. Ex. A at 4–5.

Thick Tech has sued Fletch's for breach of contract, quantum meruit, fraudulent inducement, and a claim "sounding in

3

negligence." See Ex. A at 5-8.[2] Only the negligence claim is relevant here. That claim asserts that "[a]s a contractor responsible for completing all surface preparation work . . . Fletch's owed [Thick Tech] a duty to complete said work in a competent manner." Ex. A at 7. Fletch's was allegedly negligent because it "failed to properly prepare the surfaces," "failed to follow the job specifications," "made misrepresentations to [Thick Tech] concerning the adequacy and compatibility of the products Fletch's applied to [the] surfaces," and "failed to adequately protect the work while in progress from weather elements." Ex. A at 7.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence in the record must be considered in the light most favorable to the nonmoving party, drawing all reasonable inferences in its favor. See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).

---

[2] The Maine complaint also brings claims against Methuen and Liberty Mutual Insurance Company, but those claims are irrelevant here.

A party seeking summary judgment must first identify the absence of any genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A material fact "has the potential to change the outcome of the suit." See Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010). If the moving party satisfies this burden, the nonmoving party must then "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." See Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996); see also Celotex, 477 U.S. at 322-24.

### III. **ANALYSIS**

Colony presents several arguments in support of its summary judgment motion, two of which I consider in this Memorandum and Order. First, it contends that Thick Tech's negligence claim is not covered under Fletch's policy because the property damage that gave rise to the claim was not caused by an "occurrence." Alternatively, Colony argues that Fletch's is not entitled to coverage because its claim stems from a type of property damage that is expressly excluded from coverage, even if it was caused by an occurrence.

I begin by describing the background law governing insurance coverage disputes. I then apply that law to Colony's summary judgment arguments.

## A. Background Insurance Law

Fletch's policy entitles it to both a defense and indemnification for covered claims. The duty to defend is broader than the duty to indemnify: whereas the duty to indemnify arises only when the insured is actually held liable, the duty to defend turns on the nature of the allegations against the insured. See Great Am. Dining, Inc. v. Phila. Indem. Ins. Co., 164 N.H. 612, 627 (2013). The duty to defend "is determined by whether the cause of action against the insured alleges sufficient facts in the pleadings to bring it within the express terms of the policy." Broom v. Cont'l Cas. Co., 152 N.H. 749, 753 (2005).

The interpretation of an insurance policy presents a question of law. See Hunt v. Golden Rule Ins. Co., 638 F.3d 83, 86 (1st Cir. 2011). A court must "construe the [insurance policy] as would a reasonable person in the position of the insured based upon a more than casual reading of the policy as a whole." Id. at 86 (quoting Concord Gen. Mut. Ins. Co. v. Doe, 161 N.H. 73, 75 (2010)). "If an insurance policy's terms are clear and unambiguous, then the policy's language must be accorded its natural and ordinary meaning." Id. On the other

hand, if a policy is ambiguous and one reasonable interpretation requires coverage, the court will find coverage. See id. But courts "'will not perform amazing feats of linguistic gymnastics to find a purported ambiguity' simply to construe the policy against the insurer and create coverage where it is clear that none was intended." Colony Ins. Co. v. Dover Indoor Climbing Gym, 158 N.H. 628, 630-31 (2009) (quoting Hudson v. Farm Family Mut. Ins. Co., 142 N.H. 144, 147 (1997)). The burden of proof remains with the insurer. Concord Gen. Mut. Ins. Co. v. Green & Co. Bldg. & Dev. Corp., 160 N.H. 690, 692 (2010).

**B. Application**

    1. Is the underlying claim based on property damage that was caused by an occurrence?

Thick Tech alleges in the underlying action that the costs it seeks to recover from Fletch's were incurred because Fletch's negligently performed the surface preparation work on the structures Thick Tech agreed to fireproof. The New Hampshire Supreme Court has repeatedly recognized that "defective work, standing alone, does not constitute an occurrence," Concord Gen., 160 N.H. at 693, because "[t]he fortuity implied by reference to accident or exposure is not what is commonly meant by a failure of workmanship," McAllister v. Peerless Ins. Co., 124 N.H. 676, 680 (1984); see also 9A Steven Plitt et al., Couch on Insurance § 129:4 (3d ed. 2016). Instead, coverage is

7

triggered only when the defective workmanship causes damage "to property other than the work product." Concord Gen., 160 N.H. at 693.

Given the complaint's framing, I can only reasonably construe Thick Tech's claim as one for the labor and material costs that it incurred to strip the unsuccessfully fireproofed surfaces, redo the surfaces, and reapply the fireproofing material. See Ex. A at 4 ("As a result of Fletch's negligent acts or omissions, [Thick Tech] was required to devote significant additional time and resources in performing corrective work . . . ."); Doc. No. 17-1 at 9 (Fletch's concession that Thick Tech's claim is not for damage to real property); Ex. A at 8 ("As a proximate cause of Fletch's negligent acts and omissions, [Thick Tech] incurred significant damages and losses." (emphasis added)); see also Incur, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/incur (last visited June 2, 2017) (contrasting meaning of "incur" with "occur," where "incur" connotes a subject bringing a burden onto herself, and "occur" connotes an event that "presents itself"). So construed, Thick Tech's claim is a noncovered claim for defective workmanship because the costs it seeks to recover were incurred to repair Fletch's defective work rather than to compensate Thick Tech for damage to other property that resulted from the defective work.

Fletch's heavy and exclusive reliance on High Country Assocs. v. New Hampshire Ins. Co., 139 N.H. 39 (1994), is misplaced. In that case, homeowners brought a claim for damage to condominium units based on negligent design, materials selection, construction, supervision, and inspection. See id. at 41. The negligence asserted in the underlying action allegedly caused the buildings to suffer actual damage when water seeped into the walls, resulting in mildew, rotting, and diminished structural integrity. See id. at 41, 43. On the basis of that accidental damage to real property, the court identified an occurrence triggering coverage. See id. at 43–44. Here, in contrast, Thick Tech and Fletch's are contractors embroiled in a dispute over corrective work. Whereas the claim in High Country was "not [for] the diminution in value or cost of repairing work of inferior quality," id. at 43, that is the nature of Thick Tech's claim here. Thick Tech's negligence claim is for the time and other costs it incurred to remediate Fletch's defective surface preparation work. See Ex. A at 4, 7–8; Doc. No. 17-1 at 9; see also McAllister, 124 N.H. at 678, 680 (concluding that no accident, i.e., fortuitous event, was presented by claim seeking merely to correct defective landscaping and construction). Accordingly, Thick Tech's claim is distinguishable from the claim for accidental, fortuitous damage to real property in High Country.

The purpose of CGL insurance underscores why Thick Tech's complaint does not present a covered occurrence. CGL policies are designed to insure against fortuitous, unanticipated events that give rise to "tort liability for physical injury to the person or property of others." Plitt et al., supra, § 129:5. Such accidental property damage, which may occasionally occur in the course of running a business, is covered. See Plitt et al., supra, § 129:1. But CGL policies are not designed to cover business risk itself, which "occurs as a consequence of the insured not performing well and is a component of every business relationship that is necessarily borne by the insured in order to satisfy its customers." Plitt et al., supra, § 129:1; see Lyman Morse Boatbuilding, Inc. v. N. Assur. Co. of Am., 772 F.3d 960, 968-69 (1st Cir. 2014) (explaining the difference between noncovered "business risk" and covered "occurrence of harm risk"). In a contracting relationship such as the one between Fletch's and Thick Tech, the events against which a CGL policy insures do not include a contractor's failure of workmanship, even where another contractor detrimentally relies on or remediates it. Guaranteeing a contractor's performance is the purpose of a performance bond, not a CGL policy insuring against accidents causing property damage.

For these reasons, the costs that Thick Tech is seeking to recover from Fletch's were not incurred because of property damage caused by an occurrence.

2. Is Thick Tech's negligence claim grounded in excluded property damage?

Fletch's policy does not apply to claims that stem from property damage to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it." Ex. B at 17, 19-20, § I(2)(j)(6). Colony argues that Thick Tech's negligence claim is excluded under this provision because the costs it is attempting to recover from Fletch's were incurred to repair Fletch's defective work.

> Fletch's offers the following in response to this argument:
>
> Paragraph (6) concerns only damage to property that was damaged because Fletch's work was improperly performed on it. Again, all of Fletch's work was performed on the real property owned by the United States Navy. There is no claim for damage to any property on which Fletch's performed any work. Indeed, all of Fletch's work was done before [Thick Tech] even began its work, so Fletch's could not have performed any work on [Thick Tech's] work product.
>
> This exclusion thus has no application to this case.

Doc. No. 17-1 at 9.

Fletch's' response is based on the mistaken premise that the property damage exclusion applies only if the damaged property that gives rise to a claim against an insured is owned

11

by the party that brings the claim. Fletch's cites no case to support this premise and I find no support for it in the language of the policy itself. Here, it is quite clear that Thick Tech's negligence claim is seeking compensation for costs that Thick Tech incurred to repair Fletch's incorrectly performed work. Under these circumstances, the exclusion applies regardless of whether Thick Tech owns the property it repaired. Because Fletch's does not present any other argument to support its position that the exclusion is inapplicable, I agree with Colony that Thick Tech's negligence claim is excluded from coverage even if the property damage that gave rise to the claim was caused by an occurrence.[3]

## IV. CONCLUSION

For the reasons stated in this Memorandum and Order, I grant Colony's motion for summary judgment (Doc. No. 16). The

---

[3] Perhaps Fletch's is instead attempting to argue that, regardless of who owns the structures that Thick Tech prepared for fireproofing, the property damage exclusion is inapplicable because Thick Tech is seeking to recover for the cost of repairing Fletch's defective work rather than for damage to the underlying structures. I decline to consider any such argument because it has not been adequately briefed. A single sentence in a one paragraph argument that is supported by neither case law nor legal reasoning is simply not sufficient to warrant the court's attention.

clerk is directed to enter judgment accordingly and close the case.[4]

**SO ORDERED.**

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

June 6, 2017

cc: Michael H. Darling, Esq.
William L. Boesch, Esq.

---

[4] In addition to the claim for declaratory relief, Fletch's action against Colony also includes a claim for breach of contract for denying coverage. Doc. No. 1-1 at 4. For the reasons stated in this Memorandum and Order, Colony is entitled to summary judgment on that claim as well.