**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Fletch's Sandblasting and Painting, Inc.</u>

    v.

<u>Colony Insurance Company</u>

                                     Civil No. 15-cv-490-PB

<u>Colony Insurance Company</u>

    v.

<u>Thick Tech Systems, Inc.</u>

## **REPORT AND RECOMMENDATION**

Fletch's Sandblasting and Painting Company, Inc., brought this declaratory judgment action against Colony Insurance Company in state court, seeking a determination that it was entitled to coverage under a commercial general liability insurance policy (the "policy") issued by Colony.  Doc. no. 1-1. Colony removed the case to this court and filed a third-party action against Thick Tech Systems, Inc., seeking a declaration that the policy did not provide coverage for claims brought by Thick Tech against Fletch's in another jurisdiction.  Doc. no. 5.  The district judge granted summary judgment in favor of Colony on Fletch's declaratory judgment action, concluding that Fletch's was not entitled to coverage under the policy.  <u>See</u>

2017 DNH 097 (doc. no. 19). Colony now moves for an entry of default against Thick Tech on its third-party action (doc. no. 22) and for declaratory relief against both Thick Tech and Fletch's on the coverage issue (doc. no. 23). These motions have been referred to the undersigned magistrate judge for report and recommendation. For the reasons that follow, the court recommends that the district judge (1) deny Colony's motion for declaratory judgment as to Fletch's for want of standing or, alternatively, as moot; (2) deny Colony's motion for declaratory judgment as to Thick Tech as moot; (3) deny Colony's motion for default as moot; and (4) dismiss Colony's third-party action.

## I. BACKGROUND

Fletch's filed its declaratory judgment action (the "first-party action") against Colony in Rockingham County Superior Court, seeking a defense and indemnification with respect to a liability action Thick Tech filed against Fletch's (among others) in the United States District Court for the District of Maine (the "Maine action"). See Thick Tech Systems, Inc. v. Methuen Construction Co., No. 2:15-cv-00076-DBH (D. Me.). Colony removed the first-party action here, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332 (doc. no. 1), and thereafter filed a "Third-Party Complaint for

2

Declaratory Judgment" against Thick Tech (the "third-party action") (doc. no. 5). Though this complaint prayed for declaratory relief against both Thick Tech and Fletch's, it was filed solely against Thick Tech and only named Thick Tech as a respondent. Id. at 1, 4. The summons prepared by Colony with respect to the third-party action similarly only named Thick Tech as a third-party defendant. Doc. no. 6. Colony never filed a separate counterclaim for declaratory relief against Fletch's.

Colony moved for summary judgment on the first-party action, contending that Thick Tech's claims against Fletch's in the Maine action were not covered by the policy. Doc. no. 16. On June 6, 2017, the district judge granted that motion over Fletch's objection, concluding that Thick Tech's claims did not constitute "occurrences" under the policy and were subject to the policy's "your work" exclusion. See 2017 DNH 097.

At the time the summary judgment order issued, there was no docket entry indicating that Colony had served Thick Tech with the third-party action. The undersigned therefore issued an endorsed order directing Colony to show cause why the third-party action should not be dismissed for failure to serve or, alternatively, as derivative of the first-party action, which was resolved on the merits in the summary judgment order. See June 13, 2017 Endorsed Order. In response, Colony filed an

affidavit of service indicating that its third-party action had been served upon Thick Tech as of January 8, 2016. Doc. no. 20. Four days later, Colony filed a written response, conceding that the summary judgment order "fully resolve[d] the issues in the case, including the issues raised in Colony's third-party action against Thick Tech," but nonetheless arguing that dismissal was not warranted and that the court should instead issue a declaratory judgment against both Fletch's and Thick Tech. Doc. no. 21 ¶ 15. Colony subsequently filed a motion for default as to Thick Tech and a motion for declaratory judgment as to Thick Tech and Fletch's, which are currently before the undersigned for report and recommendation. See doc. nos. 22, 23.

## II. DISCUSSION

### A. Motion for Declaratory Judgment

Colony asks the court to enter a declaratory judgment in its favor against both Thick Tech and Fletch's. Colony specifically seeks a declaration that the policy provides no coverage for the dispute between Thick Tech and Fletch's in the Maine action and that, accordingly, Colony is under no obligation to defend Fletch's in that lawsuit or indemnify Fletch's in the event of a judgment or settlement in that case. The court will first consider this motion as it pertains to Fletch's.

1. Fletch's

Colony's request for a declaratory judgment against Fletch's suffers from a fatal infirmity: Colony does not have standing, at this point in the case, to seek such relief. The Declaratory Judgment Act specifies that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (emphasis added).[1] The "case of actual controversy" requirement "refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." Sevigny v. United States, No. 13-cv-401-PB, 2014 WL 3573566, at *4 (D.N.H. July 21, 2014) (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)). To establish standing under the Act, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests; and must be real and substantial and admit of specific relief

---

[1] As Colony invoked the federal declaratory judgment statute in its third-party complaint (doc. no. 5 ¶ 3), the court assumes that this is also the statute under which Colony seeks injunctive relief against Fletch's. But even if this request were made under the New Hampshire declaratory judgment provision, N.H. Rev. Stat. Ann. ("RSA") § 491:22, Colony would be subject to standing requirements not met here for essentially the same reasons discussed below. See Duncan v. State, 166 N.H. 630, 645 (2014) (discussing the standing requirements under RSA 491:22).

through a decree of conclusive character . . . ." Id. (brackets and internal quotation marks omitted) (quoting MedImmune, 549 U.S. at 127). "The question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (brackets omitted) (quoting MedImmune, 549 U.S. at 127).

Here, Colony never formally sought declaratory relief against Fletch's until after the district judge resolved the underlying controversy between Fletch's and Colony in the summary judgment order. As noted, Colony never filed a counterclaim for declaratory relief against Fletch's. Though Colony did seek a declaration with respect to Fletch's in the prayer for relief in its third-party complaint (doc. no. 5 at 4), that pleading was presented as a "Third-Party Complaint for Declaratory Judgment against Thick Tech Systems, Inc.," id. at 1 (emphasis added) and named only Thick Tech as a defendant to that claim, id. ¶ 2. By the same token, the request for summons prepared by Colony in conjunction with the third-party complaint named only Thick Tech as a defendant (doc. no. 6), and the affidavit of service ultimately submitted by Colony solely referenced Thick Tech (doc. no. 20). And even if Colony had named Fletch's as a defendant in the third-party complaint, this

likely would have run afoul of the Federal Rules of Civil Procedure, which only contemplate third-party practice against "a nonparty," see Fed. R. Civ. P. 14(a)(1), with a separate protocol for bringing a claim against "an opposing party," as Fletch's was here, see Fed. R. Civ. P. 13.

It is also telling that Colony never sought any relief against Fletch's in the course of litigating summary judgment beyond the dismissal of Fletch's first-party action. Though Colony did argue in the conclusion of its summary judgment motion that it was "entitled to summary judgment declaring that Fletch's is not entitled to a defense or indemnity" under the policy, this argument was plainly raised in reference to Fletch's claims against Colony, and not as a request for relief under any action brought against Fletch's by Colony. See doc. no. 16-1. To this end, Colony notably did not ask the district judge to clarify or reconsider his summary judgment order on the basis that Colony was entitled to some affirmative declaratory relief that the order did not provide.

Based on these facts, the court concludes that Colony never formally sought a declaratory judgment against Fletch's until after the summary judgment order issued. At that time, there was no longer any "actual controversy" pending between Colony and Fletch's. Colony accordingly lacked standing to seek such relief.

While the above is dispositive, the court would further note that even if Colony had brought a claim against Fletch's prior to the summary judgment order, any such claim would now be moot in light of that order. "A case becomes moot — and therefore no longer a 'Case' or 'Controversy' for the purposes of Article III — when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (some internal quotation marks omitted) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" Id. (quoting Alvarez v. Smith, 558 U.S. 87, 93 (2009)).

Here, Colony concedes that the summary judgment order "fully resolved the issues in the case." Doc. no. 21 ¶ 15. Thus, no case or controversy remained at the time Colony filed its motion. Colony's request for a declaratory judgment is accordingly moot. Cf. Harvey v. Machigonne Benefits Administrators, 128 F. Supp. 2d 51, 55 (D. Me. 2001) ("[B]ecause the Court already has decided the merits of this case in its prior Order . . . . Defendant's request for declaratory judgment is now moot." (internal citations omitted)).

Though Colony makes no argument to this effect, the court notes that certain other courts have either stricken or dismissed counterclaims for declaratory relief as redundant when the declaration of rights sought raised factual and legal issues identical to those raised in the primary claim in the case. See, e.g., Zurich Am. Ins. Co. v. Watts Regulator Co., 796 F. Supp. 2d 240, 245-46 (D. Mass. 2011); Spine Imaging MRI, L.L.C. v. Liberty Mut. Ins. Co., 818 F. Supp. 2d 1133, 1138-39 (D. Minn. 2011). While this might explain why Colony never filed a counterclaim against Fletch's here, it does not support the conclusion that any active controversy remains between Colony and Fletch's at this juncture. Indeed, the contrary is true: to the extent Colony's counterclaim would have been redundant of Fletch's first-party claim here, then so, too, would any relief Colony could receive under that counterclaim. In other words, by prevailing on summary judgment on Fletch's declaratory judgment action against it, Colony has already received the precise relief it presently seeks: a determination by the court that the policy does not provide coverage for Fletch's dispute with Thick Tech in the Maine action. See Matosantos Commercial Corp. v. SCA Tissue of N. Am., LLC, No. 02-2661 (JAG), 2004 WL 1778279, at *4 (D.P.R. June 21, 2004) (citation omitted) ("In cases when the request for declaratory relief brings into question issues that already have been presented in plaintiff's

9

complaint and defendant's answer to the original claim, a party may challenge the counterclaim on the ground that it is redundant and a decision on the merits of plaintiff's claim <u>will render the request for declaratory judgment moot</u>." (emphasis added)).

In sum, the controversy upon which Colony bases its motion has already been fully resolved in Colony's favor in the summary judgment order. The court accordingly recommends, for the above-stated reasons, that the district judge deny Colony's motion for declaratory judgment, as brought against Fletch's, for lack of standing or, alternatively, as moot.

2. <u>Thick Tech</u>

Colony's motion for declaratory judgment should also be denied as moot as to Thick Tech largely for the same reasons discussed above. Though Colony did formally seek declaratory relief against Thick Tech by way of the third-party complaint, the Supreme Court has made clear that "an 'actual controversy' must exist not only at the time the complaint is filed, but through all stages of the litigation." <u>Already</u>, 568 U.S. at 90-91 (some internal quotation marks and citations omitted). As a general matter, a third-party action generally becomes moot when the first-party claims upon which it is based are fully resolved on summary judgment. <u>See, e.g.</u>, <u>Faser v. Sears, Roebuck & Co.</u>, 674 F.2d 856, 860 (11th Cir. 1982) ("Impleader, or third party

10

practice, is only available when the third party defendant's liability is secondary to, or derivative of, the original defendant's liability on the original plaintiff's claim. . . . Therefore, the third and fourth party complaints in this case necessary became moot when summary judgment was granted in favor of [the defendant], and the district court then lost jurisdiction to rule on these claims." (internal citations omitted)). Here, Colony admits that the summary judgment order resolved the issues raised in its third-party action against Thick Tech. Doc. no. 21 ¶ 15. As such, no controversy remains pending between Colony and Thick Tech.

Colony appears to contend that declaratory relief against Thick Tech is necessary to protect against Thick Tech attempting to collect from Colony any settlement or judgment Thick Tech receives against Fletch's in the Maine action. This argument is misplaced for several reasons. Most fundamentally, the summary judgment order in this case likely estops Thick Tech from recovering against Colony, as it fully resolved in Colony's favor the only basis upon which such recovery might be sought (i.e., whether Thick Tech's claims against Fletch's are covered under the policy). But even if there were no estoppel, Colony's request for declaratory relief against Thick Tech is premature. For one, the very pendency of this action suggests that Fletch's

never assigned its rights under the policy to Thick Tech.[2]
Moreover, it is well established under New Hampshire law that an insurer may not be sued directly for its insured's actions until the insured is found liable and is unable or unwilling to satisfy the judgment. Bunker v. Midstate Mut. Ins. Co., No. 14-cv-274-PB, 2014 WL 3891296, at *4 (D.N.H. Aug. 7, 2014) (citing Burke v. Fireman's Fund Ins. Co., 120 N.H. 365, 366-67 (1980)). As such, any argument that Thick Tech might at some point in the future seek recovery against Colony, should it recover in the Maine action, is wholly speculative.

For these reasons, the court recommends that the district judge deny Colony's motion for declaratory judgment as moot to the extent brought against Thick Tech.

**B.  Motion for Default**

Colony's motion for default against Thick Tech should also be denied as moot for the reasons stated above. The court would merely add that Colony had ample opportunity in this case to file an affidavit of service, as required by Federal Rule of Civil Procedure 4(l)(1), and to move for an entry of default against Thick Tech while an actual controversy remained pending in this action. Indeed, nearly seventeen months passed between

---

[2] Again, rights that the summary judgment order unequivocally concluded did not extend to Thick Tech's claims against Fletch's.

the date Colony served process on Thick Tech and the date of the summary judgment order, and that order was not issued until more than fourteen months[3] after the date Thick Tech's answer to the third-party action was due.  Yet Colony did not move for a default until more than a month <u>after</u> the summary judgment order resolved any controversy in this action.  Thus, that motion, too, was untimely.

### III. <u>CONCLUSION</u>

In sum, the court recommends that the district judge (1) deny Colony's motion for declaratory judgment (doc. no. 23) for lack of standing or, alternatively, as moot, to the extent it is brought against Fletch's; (2) deny that motion as moot to the extent brought against Thick Tech; and (3) deny Colony's motion for default (doc. no. 22) as moot.  As the summary judgment order resolved any remaining controversy in this case, the court also recommends that the district judge dismiss Colony's third-party action against Thick Tech.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended

---

[3] Colony indicates in its affidavit of service that it agreed to extend the deadline by which Thick Tech was required to answer the third-party complaint by thirty days.  <u>See</u> doc. no. 20 ¶ 6.

13

upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

                                                                    _____
                                                                    Andrea K. Johnstone
                                                                    United States Magistrate Judge

November 6, 2017

cc:   Michael H. Darling, Esq.
      William L. Boesch, Esq.